IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11438
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

IKECHUKWU NNAMDI MORID,
also known as Darlington Ojiagbaje,
also known as Joseph Ikecukwu Iwegbu,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CR-198-1-X
--------------------
June 13, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Ikechukwu Nnamdi Morid (Morid) appeals from a guilty-plea

conviction for mail fraud.  18 U.S.C. §§ 1341, 2.  Morid argues

that the district court erred in imposing a 13-level sentencing

guideline enhancement for the amount of loss and a four-level

leadership role enhancement.  He argues that the district court

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

assessed the enhancements based upon unreliable hearsay testimony in violation of his due process rights.

This court "will uphold the district court's sentence so long as it results from a correct application of the guidelines to the factual findings which are not clearly erroneous." United States v. Chavez, 947 F.2d 742, 746 (5th Cir. 1991)(citation omitted). The amount of loss and an adjustment for being a leader or organizer are findings of fact reviewed for clear error. Id.; United States v. Chappell, 6 F.3d 1095, 1101 (5th Cir. 1993).

Morid's relies upon Bruton v. United States, 391 U.S. 123 (1968), for the proposition that uncorroborated hearsay statements from co-offenders are inadmissible. Morid's reliance is misplaced because Bruton addressed hearsay statements made at trial; rather, as in Morid's case, evidence that is inadmissible at trial may be admissible during sentencing hearings. See United States v. Rojas-Martinez, 968 F.2d 415, 422 (5th Cir. 1992)(citation omitted). "In general, the [presentence report] PSR bears sufficient indicia of reliability to be considered as evidence by the district court, especially when there is no evidence in rebuttal." United States v. Londono, 285 F.3d 348, 354 (5th Cir. 2002)(internal quotation omitted). The defendant bears the burden of demonstrating that the findings contained in the PSR are "materially untrue, inaccurate, or unreliable." Id. (citation omitted).

Morid offered no evidence other than unsworn assertions at the sentencing hearing to rebut the findings in the PSR.  Morid's unsworn assertions are insufficient rebuttal evidence.  <u>See</u> <u>Chavez</u>, 947 F.2d at 746.  Morid has thus failed to show that the district court's findings as to the amount of loss and his role in the offense were clearly erroneous.  <u>See</u> <u>id.</u>  Accordingly, the judgment of the district court is AFFIRMED.